1

**SAGASER, JONES & HELSLEY**
2445 Capitol Street, 2nd Floor
2 Post Office Box 1632
Fresno, California  93717-1632
3 Telephone:  (559) 233-4800
Facsimile:  (559) 233-9330

4

5 Timothy Jones #119841
Michael S. Helsley #199103
6 Tracie L. Goodwin  #250119

7 Attorneys for:        Defendants Thompson & Harvey Transportation, Inc.,
                       Tommy Thompson and Frank Harvey
8

9                    **UNITED STATES DISTRICT COURT**

10        **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

11

12 ERIC LACY, individually, and on behalf          Case No. 1:08-cv-00686-LJO-SMS
   of all others similarly situated,
                                                   **STIPULATION AND**
13                                                 **PROTECTIVE ORDER**
                Plaintiffs,                        **REGARDING PRODUCTION**
14                                                 **OF CONFIDENTIAL**
        v.                                         **INFORMATION AND COURT**
15                                                 **ORDER REGARDING SAME**
   THOMPSON & HARVEY
16 TRANSPORTATION, INC., TOMMY
   THOMPSON, FRANK HARVEY, and
17 DOES 1 through 100,

18                Defendants.

19          Plaintiff Eric Lacy ("Plaintiff") and Defendants Thompson & Harvey

20 Transportation, Inc., Tommy Thompson, and Frank Harvey ("Defendants"), by and through

21 their respective attorneys of record hereby agree as follows:

22          WHEREAS, in his discovery requests, Plaintiff has requested documents from

23 Defendants that Defendants consider to be confidential, proprietary and trade secret documents

24 notwithstanding that such documents may have some relevance to the litigation.  Defendants

25 are willing to produce any relevant confidential, proprietary and trade secret documents

26 provided that such documents are protected from unauthorized and/or unnecessary disclosure.

27 Therefore, the parties agree to enter into this Stipulated Protective Order.

28
        {6893/002/00224667.DOC}                    1

PDF created with pdfFactory trial version www.pdffactory.com

The parties acknowledge that during this litigation there may be additional confidential documents sought by one party from the opposing party that must be protected from unnecessary and/or unauthorized disclosure, so it is hereby agreed that this Stipulated Protective Order shall cover all confidential documents produced by either party in this case;

IT IS THEREFORE STIPULATED, pending further order of the Court, that the following procedures designed to ensure the protection of confidential information shall govern all forthcoming pre-trial discovery proceedings, applicable to any production from this date forward:

1.      Any party, before providing documents in discovery, may designate the material as "confidential" under this Stipulated Protective Order by prominently marking it as "confidential."

2.      A party seeking to designate as "Confidential" any document shall notify the other party by labeling the document as "Confidential" on the face of the document when it is produced.

3.      Documents or other information designated as subject to this Protective Order shall not be disclosed or shown to any other person or entity unless or until the side wishing to make such disclosure informs the other side and gives them a reasonable time to object of not less than thirty (30) calendar days.  In the event of objection, the parties' respective counsel of record will make a good faith effort to resolve the dispute informally before filing any motion with the above-entitled Court relating to said dispute.  If an objection is made in writing, the document shall not be disclosed until the Court has issued a decision determining that disclosure of the document is appropriate.

4.      A party also may designate as "Confidential" any information set forth in the transcript of any deposition of a party in this action, by identifying the material sought to be kept confidential before the transcript is finalized, and by arranging for appropriate treatment of the confidential portions of the transcript.

5.      Social Security numbers may be redacted from any document produced.

{6893/002/00224667.DOC}                          2

PDF created with pdfFactory trial version www.pdffactory.com

6.      Any document designated as "confidential" may be shown, or its contents disclosed only to the following persons:

(a)     Counsel of record in this action and counsel's agents and employees;

(b)     Any expert used as a consultant or intended to be called as a witness who is retained by counsel of record to assist in the preparation and/or trial of this case; and

(c)     The parties to this action.

7.      Confidential information designated as subject to this Stipulated Protective Order or any information derived therefrom shall be used solely for the purpose of assisting counsel of record in connection with this litigation and not for any competitive or business purpose whatsoever.

(a)     If Counsel for either party contends that there is a need to use or produce documents or information subject to this Stipulated Protective Order in any related litigation or administrative proceeding, Counsel shall identify the specific material and shall meet and confer with opposing counsel before doing so.  If the parties cannot agree, then the information cannot be used in the other proceeding unless this Court or the Court or Administrative Law Judge in the related proceeding authorizes its use after the parties have had prior notice of the intent to use it in the related proceeding.

8.      The parties' respective counsel of record each agrees to make all reasonable efforts to ensure compliance with this Stipulated Protective Order.  Any persons referred to in paragraphs 6(b) and (c) of this Stipulated Protective Order who receive information designated as confidential pursuant to this Stipulated Protective Order shall first read a copy of this Stipulated Protective Order and agree in writing to abide by the terms thereof. This includes the parties to this litigation.

9.      The parties enter into this Stipulated Protective Order without prejudice to any party's right to object to the disclosure of any information on any ground that it/he may

PDF created with pdfFactory trial version www.pdffactory.com

deem appropriate, and any party's right to object to classification of any document as "confidential," and any party or non-party may, upon motion, seek relief from, or modification of, this Stipulated Protective Order based on a showing of good cause.

10. The designation of any information as "confidential" pursuant to this Stipulated Protective Order is intended solely to facilitate the preparation of this case for trial, and treatment by the other party in conformity with such designation shall not be construed in any way as an admission or agreement by such opposing counsel or party that the designated information contains any trade secret or confidential information in contemplation of law.

(a) No party shall be obligated to challenge the propriety of any designation by the opposing party, and a failure to do so shall not preclude a subsequent attack on the propriety of any "confidential" designation.

(b) If there is a disagreement on any issue related to the practical implementation of this stipulation, including the classification of a document as confidential, the parties shall first meet and confer, and if that does not resolve the issue, shall cooperate in promptly setting the matter for a conference call with the judge assigned to this case, or if he or she is not available, the presiding Civil Judge.

(c) Any unresolved disputes shall be resolved in accordance with the Federal Rules of Civil Procedure.

(d) The party designating any document as confidential shall have the burden of proof in any proceeding brought by any party to enforce or interpret this Stipulated Protective Order.

11. If confidential third party information is improperly disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the party responsible for the disclosure must immediately inform the other party of all pertinent facts relating to such disclosure, including the name and address of each person to whom disclosure was made, and shall make reasonable efforts to prevent further disclosure by said authorized person(s).

{6893/002/00224667.DOC}                                  4

**STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION AND COURT ORDER REGARDING SAME**

PDF created with pdfFactory trial version www.pdffactory.com

12. The parties agree that, prior to commencement of trial, they will attempt to enter into mutually agreeable stipulations and protective orders with respect to any confidential information to be disclosed during trial.

13. Any party intending to utilize any confidential third party information designated as confidential in a law and motion matter or at trial should lodge the document under seal so as to preserve its confidentiality pending the Court's determination regarding whether a privilege exists that precludes the use of the document or other information as evidence or determining what safeguards should be utilized if the confidential information is to be considered as evidence.

14. Upon final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (a) Assemble and return all material designated as confidential under this Stipulated Protective Order, including all copies thereof, to the producing party and certify in writing that all such material has been returned; or (b) Certify in writing that all such material has been destroyed.

15. If any person breaches this Stipulated Protective Order, any person may notice a hearing to the United States District Court for the Eastern District, Fresno Division, requesting appropriate equitable relief and monetary damages, and discovery and contempt sanctions, if applicable. The Court in its discretion may also award attorneys fees.

16. All parties to this Stipulated Protective Order have participated in drafting the Order.

17. In the event a lawsuit is brought to enforce or interpret any part of this Stipulated Protective Order, the prevailing party shall be entitled to recover reasonable attorneys' fees as an element of its/his costs of suit. However, if costs are awarded to the prevailing party as a result of a suit brought to enforce or interpret any part of the Stipulated Protective Order, the recoverable attorneys' fees shall not exceed the amount of the award to the prevailing party. The "Prevailing Party" shall be the party who is entitled to recover its/his costs of suit, whether or not the suit proceeds to final judgment.

{6893/002/00224667.DOC}                                     5

PDF created with pdfFactory trial version www.pdffactory.com

18.   All parties to this Stipulated Protective Order have participated in its preparation and drafting.

DATED:  December _____, 2008          SAGASER, JONES & HELSLEY


                                       By_____/s/ Tracie L. Goodwin_____
                                            Attorneys for Defendant
                                            Thompson & Harvey Transportation, Inc.,
                                            Tommy Thompson and Frank Harvey


DATED:  December_____, 2008           LAW OFFICES OF JERRY BUDIN


                                       By_____/s/ Jerry Budin_____
                                            Attorneys for Plaintiff
                                            Eric Lacy



                              **ORDER**

          IT IS SO ORDERED.

DATED:  _12/3/2008__               _____/s/ Sandra M. Snyder_____
                                            SANDRA M. SNYDER
                                            Judge of the United States
                                            District Court, Eastern District

**STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF
CONFIDENTIAL INFORMATION AND COURT ORDER REGARDING SAME**

PDF created with pdfFactory trial version www.pdffactory.com