1  Jerry N. Budin
   State Bar #88539
2  Law Office of Jerry Budin
   2401 E. Orangeburg Ave., Ste. 675-309
3  Modesto, California 95355
   Telephone: (209) 544-3030
4  Facsimile: (209) 544-3144

5  Attorney for Plaintiff,
   ERIC LACY

6

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                       (Fresno Division)

11

12 ERIC LACY,                    )  CASE NO. 1:08-CV-F-0686-LJO-SMS
                                 )
13            Plaintiff,         )  STIPULATION FOR DISMISSAL WITH
                                 )  PREJUDICE; ORDER
14 vs.                           )
                                 )
15 THOMPSON & HARVEY             )
   TRANSPORTATION, INC., et al., )
16                               )
              Defendants.        )
17 _____)

18

19     IT IS HEREBY STIPULATED by and between the named plaintiff

20 Eric Lacy, through his counsel, and defendants Thompson & Harvey

21 Transportation, Inc., Tommy Thompson and Frank Harvey, through

22 their counsel, that the above-captioned action against defendants

23 Thompson & Harvey Transportation, Inc., Tommy Thompson and Frank

24 Harvey be dismissed with prejudice pursuant to Federal Rule of

25 Civil Procedure 41(a)(1).

26     This stipulation is based on the fact that the named plaintiff

27 is entering into a settlement with defendants Thompson & Harvey

28 Transportation, Inc., Tommy Thompson and Frank Harvey prior to any

certification of any classes with respect to the defendants. Under the text of F.R.C.P. Rule 23(e), adopted in 2003, such a settlement does <u>not</u> require court approval:

> [P]rior to certification, the named plaintiffs may dismiss class claims without court approval. The named plaintiffs may settle or voluntarily dismiss their own claims just as in an individual action...in which case the class claims would have to be dismissed as well. Rule 23(e) does not provide the District Courts with any supervisory authority over such dismissals, nor does it require notice to the absent class members. 5 Moore's Federal Practice (3d Ed. 2005), §23.64(2)(a), p. 23-315.

See also F.R.C.P. 23, Advisory Committee Note of 2003 ("The new rule requires approval only if the claims, issues or defenses of a <u>certified class</u> are resolved by settlement, voluntary dismissal or compromise.")(Emphasis added).

DATED: March 9, 2009               LAW OFFICE OF JERRY BUDIN

                                   /s/ Jerry Budin
                                   Jerry Budin
                                   Attorney for Plaintiff,
                                   ERIC LACY

DATED: March 9, 2009               SAGASER, JONES & HELSLEY

                                   /s/ Tracie L. Goodwin
                                   Tracie L. Goodwin
                                   Attorneys for Defendants,
                                   THOMPSON & HARVEY
                                   TRANSPORTATION, INC., et al.

**ORDER**

Based on the foregoing and good cause appearing therefrom,

IT IS HEREBY ORDERED that this matter be and is hereby dismissed with prejudice as to defendants Thompson & Harvey Transportation, Inc., Tommy Thompson and Frank Harvey. **This case**

is closed.

IT IS SO ORDERED.

Dated: March 18, 2009            /s/ Lawrence J. O'Neill
                                 UNITED STATES DISTRICT JUDGE